# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1734

_____

Cheryl Luney,

               Plaintiff - Appellant,

     v.

SGS Automotive Services, Inc.;
Garry Copenhaver,

               Defendant - Appellees.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri

_____

Submitted:  December 12, 2005
Filed:  December 28, 2005

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Cheryl Luney appeals the district court's[1] dismissal of her claims against SGS Automotive Services, Inc. ("SGS") and Garry Copenhaver. We affirm. However, we deem her battery claim to have been dismissed without prejudice.

_____

[1]The Honorable Gary Fenner, United States District Judge for the Western District of Missouri.

Cheryl Luney worked for SGS from March 2002 until her termination on October 11, 2002. Luney alleges that during that time she was sexually harassed by Garry Copenhaver after having rejected his requests for a date and repeated sexual advances, including inappropriate touching. Luney complained to Copenhaver's superior on September 20, 2002. Soon after, SGS cut Luney's hours in half. It eventually terminated her employment.

Luney filed a complaint with the EEOC on November 15, 2002. She received her right to sue letter on August 13, 2003. Luney filed a sexual harassment and gender discrimination action against SGS on October 14, 2003. The action was dismissed on February 23, 2004, for failure to file a proposed scheduling order. Luney refiled her action against SGS on May 12, 2004, and added a battery claim against her supervisor Garry Copenhaver. The district court dismissed the second action, finding that the dismissal of her first action for lack of prosecution was a dismissal on the merits and thus she was precluded from re-raising the claims against SGS. The district court rejected the argument that the dismissal was not on the merits and that the Missouri Savings Statute, Mo. Rev. Stat. § 516.230, applied. The district court also concluded that it lacked jurisdiction over the state law claims. Luney appeals, arguing that the district court erred in dismissing her action without properly considering the Missouri Savings Statute.

We review a motion to dismiss de novo. In re Acceptance Ins. Cos. Sec. Lit., 423 F.3d 899, 903 (8th Cir. 2005). "In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. The complaint must be liberally construed in the light most favorable to the plaintiff." Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003) (internal quotations omitted).

The central question in this case is whether the dismissal by the district court constitutes a dismissal on the merits. We believe it does. Luney's action was

dismissed pursuant to Rule 41(b), an involuntary dismissal, because of Luney's failure to prosecute her claims. An involuntary dismissal under Rule 41(b) is with prejudice unless stated otherwise by the district court. Rule 41(b) states, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits." In this case, there is no indication in the district court's order that it is not an adjudication on the merits. The district court issued an order to show cause after Luney failed to file a proposed scheduling order pursuant to an earlier order of the district court. Luney failed to show cause. The district court's order included no statements suggesting that the dismissal was to be a disposition other than with prejudice. Rather, the district court stated that "[a]lthough Luney contends . . . that the dismissal of the First Action was not on the merits, she is clearly mistaken."

Luney contends she should be permitted to bring her refiled cause of action under the Missouri Savings Statute. Under this statute, if an action is commenced and "the plaintiff therein suffer[s] a nonsuit, or, after a verdict for him, the judgment be arrested, or after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action . . . within one year . . . ." Mo. Rev. Stat. § 516.230. Luney's argument fails, however, because the Missouri Savings Statute only applies to actions "prescribed in sections 516.010 to 516.370" of the Missouri Revised Statutes. Id. Her actions, filed under Title VII, were not contained within those provisions. Therefore, even assuming the first action had been dismissed without prejudice, the Missouri Savings Statute does not apply.

Finally, as to Luney's battery claim against Garry Copenhaver, both parties agree that the dismissal of that claim should have been without prejudice. We agree. The claim against Mr. Copenhaver was not part of the original cause of action, and thus that portion of the district court's dismissal was without prejudice.

Accordingly, we affirm the decision of the district court.

_____

-3-