BENTON, Circuit Judge.
The Arkansas Department of Human Services (DHS) terminated LaKeysia Y. Wilson, an African-American female, as a program supervisor. She sued DHS alleging disparate treatment on account of race, and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3(a). The district court dismissed both claims. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part and reverses in part.
I.
In June 2011, Wilson was hired as a field investigator at DHS. In 2013, DHS terminated another African-American field investigator, Sharon Meeks, for violating DHS policy. Meeks filed a discrimination charge with the Equal Employment Opportunity Commission and an internal grievance with DHS. A State Appeal Panel ordered her reinstated. After DHS said there were no available positions, Meeks applied for an open program-supervisor position in the Division of Aging and Adult Services.
Patricia Robins, Wilson’s Caucasian supervisor, led the investigation resulting in Meeks’s termination. Robins urged Wilson to apply for the same open program-supervisor position that Meeks applied for. Wilson says that Robins urged her to apply because Robins “was determined to thwart the efforts of Mrs. Meeks.” Wilson and Meeks were the only applicants interviewed. In March 2014, Wilson got the job — a promotion to program supervisor. DHS then re-hired Meeks in Wilson’s old position, but fired her three months later.
Shortly before and shortly after her promotion, Wilson received positive performance evaluations. She alleges that after Meeks was fired, Robins began to unfairly criticize her work performance. On June *371 30, Robins gave Wilson a choice between demotion or termination, but then stripped her of supervisory duties on July 2.
Wilson filed a charge of discrimination with the EEOC on September 8, 2014, alleging harassment based on race and disability. Three weeks later, Wilson was placed on a Performance Improvement Plan (PIP). The next week, she received a written warning for work that a Caucasian female employee did not accomplish. Wilson was terminated on October 22, six weeks after filing the EEOC charge. The next day, Wilson filed a second EEOC charge alleging that between September 9 and October 22, she “was disciplined and discharged in retaliation for filing a previous charge and because of my race.”
Wilson sued DHS alleging disparate treatment, retaliation, and harassment. The district court dismissed the harassment claim as time-barred, and the disparate treatment and retaliation claims for failure to state a claim. Wilson appeals the dismissal of her disparate treatment and retaliation claims.
II.
Wilson argues that the district court erred in dismissing her claim for disparate treatment “on account of her race, when she was disciplined for something that a Caucasian female employee did not accomplish.” A plaintiff can often avoid summary judgment with evidence showing instances of dissimilar discipline. See, e.g., Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994).
The district court concluded that Wilson did not state a plausible claim for disparate treatment because “a written warning does not constitute an adverse employment action.” See Singletary v. Mo. Dep’t of Corr., 423 F.3d 886 (8th Cir. 2005) (holding that placement on administrative leave pending a disciplinary investigation was not adverse employment action where the plaintiff maintained the same pay, grade, and benefits). See also Boss v. Castro, 816 F.3d 910, 918 (7th Cir. 2016) (“[P]lacement on a PIP ... is simply not materially adverse in the discrimination context.”). But Wilson’s disparate treatment claim suffers from a more serious defect: not alleging disparate treatment. Wilson’s claim of discipline “for something that a Caucasian female employee did not accomplish” does not allege that the Caucasian employee was not disciplined or received less discipline. Without an allegation of disparate treatment, this claim fails.
III.
Wilson argues that the district court erred in dismissing the retaliation claim. This court reviews de novo the grant of a motion to dismiss. Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013). “[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible “where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). “The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully,” or “more than a mere possibility of misconduct.” Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937. “[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.” Braden v. Wal-Mart Stores, Inc., 588 *372 F.3d 585, 594 (8th Cir. 2009) (citation omitted).
For a prima facie case, Wilson must show: “(1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two.” Wells v. SCI Mgmt., L.P., 469 F.3d 697, 702 (8th Cir. 2006).
“[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case” under McDonnell Douglas. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that an employment discrimination complaint need not contain specific facts establishing a prima facie case under McDonnell Douglas). “The plaintiffs burden at the prima facie case stage of the analysis is not onerous.” Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1119 (8th Cir. 2006) (citation omitted), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031, 1058 (8th Cir. 2006) (en banc). See Littlejohn v. City of New York, 795 F.3d 297, 309, 316 (2d Cir. 2015) (emphasis in original) (explaining that “the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under McDonnell Douglas,” which in turn “reduces the facts needed to be pleaded under Iqbal”).
Here, Wilson sufficiently pled the first two elements of the prima facie case: protected conduct by filing the EEOC complaint, and an adverse employment action by being fired. The issue is the causal connection between the filing and the firing.
A plaintiff must allege but-for causation. Shirrell v. St. Francis Med. Ctr., 793 F.3d 881, 888 (8th Cir. 2015) (holding that McDonnell Douglas cases are subject to the but-for causation standard set forth in University of Texas Southwestern Medical Center v. Nassar, — U.S. -, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013)). Compare EEOC v. Ford Motor Co., 782 F.3d 753, 770 (6th Cir. 2016) (en banc) (holding that to establish a prima facie case for retaliation under McDonnell Douglas, Nassar requires a showing of but-for causation), with Foster v. Univ. of Maryland-Eastern Shore, 787 F.3d 243, 248-52 (4th Cir. 2015) (observing the circuit split' and holding that under McDonnell Douglas, “Nassar does not alter the causation prong of a prima facie case of retaliation”).
The dissenting opinion emphasizes the Supreme Court’s point that the but-for standard prevents financial and reputa-tional costs for blameless employers. See Nassar, 133 S.Ct. at 2531-32. The Court’s hypothetical — quoted by the dissenting opinion — focuses this concern at the summary judgment stage. See id. at 2532 (emphasis added) (“Even if the employer could escape judgment after trial, the lessened causation standard would make it far more difficult to dismiss dubious claims at the summary judgment stage.”). See also Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (affirming summary judgment for the employer after discussing potential negative effects of contrived retaliation claims).
Under the “simplified notice pleading standard” that governs McDonnell Douglas retaliation claims, summary judgment motions — not motions to dismiss — should dispose of most unmeritorious claims. See Swierkiewicz, 534 U.S. at 512, 122 S.Ct. 992 (emphasis added) (“This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.”); id. at 512-13, 122 S.Ct. 992 (quotation omitted) (“The provisions for discov *373 ery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.”); Johnson v. City of Shelby, — U.S. -, 135 S.Ct. 346, 347, 190 L.Ed.2d 309 (2014) (per cu-riam) (citing Swierkiewicz approvingly).
Wilson alleges she was a “victim of ... retaliation, after having complained about discrimination based on race, when she was ... ultimately terminated.” Construed most favorably to her, and viewing the complaint as a whole, the phrase “victim of ... retaliation, after having complained” alleges but-for causation. In terms of the factual allegations, Wilson emphasizes the six-week span between her EEOC charge and termination. Even at summary judgment, “[a] plaintiff can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events.” Turner v. Gonzales, 421 F.3d 688, 696-97 (8th Cir. 2005). See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013) (“[T]he but-for causation standard does not alter the plaintiffs ability to demonstrate causation at the prima facie stage on summary judgment or at trial indirectly through temporal proximity.”). As the First Circuit says, “We do not rule out that some pleadings may allege a temporal gap so attenuated as not to meet the plausibility standard for surviving motions to dismiss, but this case is a far cry from that.” Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 25 (1st Cir. 2014) (five-month interval). Accord Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 92 (2d Cir. 2015) (two-month interval). Cf. Breeden, 532 U.S. at 273-74, 121 S.Ct. 1508 (observing that three-month and four-month periods are insufficient evidence of causality). On the allegations here, the six-week period between the EEOC charge and the termination plausibly alleges a but-for causal connection.
This court considers “whether there are lawful, ‘obvious alternative explanation[s]’ for the alleged conduct” that would render Wilson’s complaint implausible. McDonough v. Anoka Cty., 799 F.3d 931, 946 (8th Cir. 2015), quoting Iqbal, 556 U.S. at 682, 129 S.Ct. 1937. “Not every potential lawful explanation for the defendant’s conduct renders the plaintiffs theory implausible.... [A] defendant is not entitled to dismissal if the facts are merely consistent with lawful conduct.” Braden, 588 F.3d at 597. “If the alternative explanations are not sufficiently convincing, however, the complaint states a plausible claim for relief, because ferreting out the most likely reason for the defendants’ actions is not appropriate at the pleadings stage.” McDonough, 799 F.3d at 946 (citation omitted). “Requiring a plaintiff.to rule out every possible lawful explanation for the conduct he challenges ... would impose the sort of probability requirement at the pleading stage which Iqbal 'and Twom-bly explicitly reject.” Braden, 588 F.3d at 597 (quotation omitted).
Here, the factual allegations consistent with an alternative explanation that Wilson was fired for poor job performance are: 1) In June, Robins criticized Wilson’s work performance and gave her the option of demotion or termination; 2) On September 30, Wilson was placed on a PIP; and, 3) In her second EEOC charge, attached to the complaint, Wilson wrote, “I was told that I was discharged for performance and for getting a second warning during a performance improvement period.”
These facts are not an obvious alternative explanation. Cf. Iqbal, 556 U.S. at 682, 129 S.Ct. 1937 (finding that “disparate, *374 incidental impact on Arab Muslims” from the 9/11 investigation was an “obvious alternative explanation” to allegations that the government discriminated based on race or religion). The supervisor’s criticism of Wilson is not an “obvious alternative explanation” to Wilson’s complaint because there is no explanation why Wilson was criticized. See Blomker, 831 F.3d at 1060-61 (dismissing the complaint where an eight-page detailed attachment showed plaintiff was fired because of a years-long disciplinary history that included unwelcome physical contact with a supervisor, inappropriate language in the workplace, and failure to follow e-mail protocol). To construe Wilson’s placement on a PIP as an allegation of poor performance, and not as part of the retaliation, would “invert the principle that the complaint is construed most favorably to the nonmoving party.” See Braden, 588 F.3d at 597 (citation omitted).
The quoted sentence from Wilson’s second EEOC charge restating DHS’s reason for her firing is unlike the detailed factual allegations in Blomker. See Blomker, 831 F.3d at 1060-61. An employee’s one-sentence restatement of the employer’s basis for termination is not an “obvious alternative explanation” to a retaliation charge. Here, “the complaint states a plausible claim for relief, because ferreting out the most likely reason for the defendants’ actions is not appropriate at the pleadings stage.” McDonough, 799 F.3d at 946. Without a detailed explanation why DHS terminated Wilson, DHS’s alternative explanation is not “sufficiently convincing.” See id. See also Blomker, 831 F.3d at 1060-61; Braden, 588 F.3d at 597 (explaining Iqbal and Twombly “explicitly reject” a “probability requirement at the pleading stage” that plaintiff rule out “every possible lawful explanation”).
While the factual allegations here may be consistent with termination for poor performance, they are not an “obvious alternative explanation” that render Wilson’s claim implausible. Wilson’s claim “per-mites] the court to infer more than the mere possibility of misconduct.” See Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.
The district court erred in dismissing the retaliation claim.
⅝ ⅜: ⅜ ⅜ ⅜ ⅝ ⅜
The judgment is affirmed in part, reversed as to the retaliation claim, and remanded for proceedings consistent with this opinion.