# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2098

_____

Douglas McPherson

*Plaintiff - Appellant*

v.

Megan J. Brennan, Postmaster General, U.S. Postal Service

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 13, 2018
Filed: April 30, 2018
[Published]

_____

Before GRUENDER, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Douglas McPherson appeals the district court's dismissal for failure to state a claim in his discrimination-in-hiring action. After carefully reviewing the record and the parties' arguments on appeal, we affirm in part and reverse in part. See Plymouth Cty. v. Merscorp, Inc., 774 F.3d 1155, 1158 (8th Cir. 2014) (grant of motion to dismiss is reviewed de novo).

McPherson alleged that he was improperly rejected for the position of Criminal Investigator with the United States Postal Service (USPS) in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and that he should have been given preference for the position due to his status as a veteran. He attached the job description for the position and alleged that he was qualified for the position. The district court granted the Postmaster General's motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), concluding that McPherson was precluded from bringing his veteran's preference claim in federal district court, and that he failed to allege one of the elements of the prima facie case for his ADEA claim by admitting that he did not possess a basic requirement listed in the job description.[1]

We conclude that the court erred in dismissing McPherson's ADEA claim. See Minn. Majority v. Mansky, 708 F.3d 1051, 1055 (8th Cir. 2013) (in reviewing Rule 12(b)(6) dismissal, the court assumes all facts in the complaint to be true and construes all reasonable inferences in favor of complainant). While the Postmaster General argues that McPherson did not plead facts to show he was qualified for the position because he did not allege that he met all of the minimum qualifications set forth in the job description (specifically, he did not possess an "1811" criminal investigator classification), McPherson's allegations indicated that the criteria the USPS relied upon in evaluating qualification for the position differed from the criteria set forth in the job description, as the individual selected for the position did not meet the stated criteria, and the Office of Personnel Management's qualification standards for the position did not require an 1811 classification. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 515 (8th Cir. 2011) (prima facie case of age discrimination in hiring requires a showing that plaintiff was in the protected age

---

[1]McPherson does not challenge on appeal the district court's dismissal of his claim based on his veteran's preference. See Hess v. Ables, 714 F.3d 1048, 1015 n.2 (8th Cir. 2013) (claims not addressed in brief are abandoned).

-2-

group (over 40), plaintiff was qualified for the position, plaintiff was not hired, and employer hired a younger person to fill the position).  Because McPherson alleged that he had the educational and professional experience required for the position, we conclude that he adequately pled a prima facie case.  See Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016) (prima facie case is an evidentiary standard, not a pleading requirement (citing Swierkiewicz v. Sorema, 534 U.S. 506 (2002))); Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013) ("Under Swierkiewicz, a plaintiff need not plead facts establishing a prima facie case of discrimination . . . in order to defeat a motion to dismiss."); see also Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368, 372 (8th Cir. 2017) (plaintiff's burden at the prima-facie-case stage of the analysis is "not onerous").

Accordingly, we reverse the dismissal as to McPherson's ADEA claim, and remand for further proceedings on that claim.  We affirm in all other respects.

_____