United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3294

_____

Jerry Cook, on behalf of himself and all others similar situated,

*Plaintiff - Appellant*

v.

George's, Inc.,

*Defendant - Appellant*

Glen Balch

*Defendant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 24, 2019
Filed: March 11, 2020

_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.

_____

MELLOY, Circuit Judge.

The primary issue in this discrimination-in-hiring action is whether Jerry Cook's complaint states a claim under the Americans with Disabilities Act (ADA). 42 U.S.C. § 12101 *et seq.* The district court granted Defendant's motion to dismiss

because Cook failed to allege the elements of a prima facie case of discrimination. Because the prima facie case is an evidentiary rather than a pleading standard, and because Cook alleged facts sufficient to state an ADA claim, we reverse. Ring v. First Interstate Mortg., Inc., 984 F.2d 924, 925 (8th Cir. 1993).[1]

I.

Viewed in the light most favorable to Cook, the complaint reveals the following. Jerry Cook has mental and physical impairments that make it difficult for him to communicate with others, process complex information, and lift heavy objects. At some time prior to the incident leading to this suit, Cook worked for Defendant, George's, Inc. (George's), a producer of poultry and other food products. Cook was able to do his job with reasonable accommodations for his mental and physical limitations. Cook stopped working at George's at some time prior to October 2015. Based on this term of employment, George's created a human resources (HR) file on Cook. The file assigned Cook the code "333," which made him "not eligible for rehire," Compl. ¶ 9, because of a known or perceived medical condition.[2]

---

[1]Our decision applies with equal force to Cook's identical claim as brought under the Arkansas Civil Rights Act (ACRA). See Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 490 (8th Cir. 2002) (explaining that we analyze ADA and ACRA claims using the same standards).

[2]Defendant argues that it would be improper to infer that Cook had any employment history with George's because the complaint does not state exactly as much. The complaint states that code "333" applies in the context of rehiring and refers to Cook's past work history. Assuming, as we must, that these factual allegations are true, and construing, as we must, all reasonable inferences in favor of the nonmoving party, it is well within reason to read Cook's complaint as alleging that George's assigned the code "333" to Cook's file based on Cook's prior employment with the company.

Around October 2015, Cook applied to be rehired by George's. Because of the code "333" in his file, George's management instructed the HR team that they could interview Cook but could "not hire [him] no matter what." Id. ¶ 16. On the day of his interview, Cook did not show up. Cook came to George's the next day and asked to reschedule the interview. Upon instruction from management, the HR team refused to reschedule Cook's interview despite having rescheduled interviews for other applicants who missed their interviews.

Cook timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter. Cook filed a class-action complaint in the Western District of Arkansas alleging George's had a policy of refusing to consider code "333" applicants because of an actual, perceived, or recorded disability. The complaint also alleged a count of retaliation. George's did not file an answer.

George's moved to dismiss the complaint for failure to state a claim, arguing Cook failed to establish that he had a disability under the ADA and failed to allege a causal link between any disability and George's decision to not rehire Cook. Cook filed a brief in opposition and moved to amend his complaint. The proposed amended complaint included additional facts about Cook's mental and physical impairments.

The district court granted George's motion to dismiss. The district court assumed for the sake of argument that Cook stated sufficient facts to show he was disabled under the ADA. Even so, the district court found "no facts in the Complaint that could allow a factfinder to conclude that Cook was denied the job *because* of discriminatory animus [because] . . . . [o]bviously, failing to attend a job interview is a legitimate, non-discriminatory reason to justify an employer's refusal to extend a

job offer."[3]  Order at 5, ECF No. 30.  The district court did not analyze the implications of Cook's code "333" allegations or the allegation that George's management said to "not hire [Cook] no matter what."  Compl. ¶ 16.  The district court also denied Cook leave to amend, finding it to be futile.

II.

Cook argues the district court erred in dismissing his discrimination claim based on the sufficiency of his allegations.  We review de novo a district court's disposition of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See McPherson v. Brennan, 888 F.3d 1002, 1003 (8th Cir. 2018).

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6).  To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  The factual allegations must be sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  We must construe the complaint "liberally."  Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005) (quotation omitted).

The complaint is not required to fit any specific model since there is no "rigid pleading standard for discrimination cases."  Swierkiewicz v. Sorema N.A., 534 U.S.

---

[3]The district court also dismissed Cook's retaliation claim.  At oral argument, Cook conceded that he was abandoning any appeal of the retaliation claim.  Therefore, we will not review the retaliation claim.

506, 512 (2002). Instead, the "simplified notice pleading standard," id., merely requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

On appeal, the parties argue over whether Cook must have alleged facts sufficient to establish a prima facie ADA claim in his complaint in order to survive dismissal. Precedent makes the answer clear:

> [U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas[4] framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case.

Swierkiewicz, 534 U.S. at 511; see also Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013) ("Under Swierkiewicz, a plaintiff need not plead facts establishing a prima facie case of discrimination . . . in order to defeat a motion to dismiss."); Ring, 984 F.2d at 926 (stating that a prima facie case is an evidentiary standard, which is not the proper measure of whether a complaint fails to state claim). The elements of a successful ADA claim are, however, still "part of the background against which a plausibility determination should be made." Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016) (quotation omitted).

Here, the complaint states that George's intentionally chose to deny Cook a rescheduled interview, and therefore not rehire Cook, based on George's knowledge of Cook's actual or perceived disability. The complaint relies on allegations of

---

[4]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (establishing the burden-shifting framework applicable to employment discrimination actions).

potential direct evidence—statements by George's HR employees involved in (1) the practice of discriminating against former employees with code "333" in their files and (2) the decision to not rehire Cook "no matter what" because of his alleged disability. Giving little weight to the allegations of this direct evidence, George's argues Cook must establish a prima facie case instead. This is not the correct standard at this early stage in the litigation. See Hager, 735 F.3d at 1014. George's further argues that, on the face of the complaint, George's did not rehire Cook because Cook missed the initial interview. Without the filing of an answer or other responsive pleading, that is speculation in the favor of Defendant and cannot support the grant of a motion to dismiss. See Blankenship, 601 F.3d at 853 (confirming that at the motion-to-dismiss stage of litigation, reasonable inferences must be drawn in the nonmovant's favor).

Finding the prima facie case standard inappropriate at this stage does not end our inquiry. We now turn to the statutory elements of an ADA claim. The Americans with Disabilities Act (ADA) prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" is a person "who, with or without reasonable accommodation, can perform the essential functions" of a job. Id. § 12111(8). Prohibited discrimination under the ADA includes intentional discrimination against a qualified individual in hiring and "job application procedures." Id. § 12112(a). It also includes "limiting, segregating, or classifying a job applicant" in an adverse way because of his disability. Id. § 12112(b)(1).

The allegations in Cook's complaint are sufficient to state a claim based on these elements. Cook alleges that he suffers from a combination of mental and physical disabilities and has a record of impairment. He does not merely state that he has a disability. Rather, he states the effect of his impairments. He alleges that he was able to do his job with reasonable accommodations prior to October 2015. Whether this can support a determination that Cook is a "qualified individual" under

the ADA must be left to a latter stage in the litigation.  Further, and in detail, Cook alleges that managerial staff at George's documented Cook's disability through code "333" and instructed HR employees to not hire Cook on that basis.  Cook alleges that based on these instructions, and code "333," George's would not rehire him, or even reschedule his interview.

At this early stage in the litigation, Cook has plausibly alleged that George's refused to consider rehiring him because of his disability.  In far more than a threadbare complaint, Cook has sufficiently stated a claim.[5]  Given the nature of the facts alleged, including insider information from at least one of George's HR employees, Cook may eventually attempt to prove intentional discrimination by indirect *and* direct evidence.  Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004).  It is for this very reason that we do not hold Cook to alleging a rigid prima facie case at this stage of the litigation.  Swierkiewicz, 534 U.S. at 511–12.

The district court also denied Cook's motion to amend his complaint, finding any amendments would be futile.  "We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the

---

[5]The dissent claims Cook's complaint is deficient for failing to identify the job for which Cook was applying.  It should be noted, however, that nowhere in the motion to dismiss nor in the brief supporting the motion to dismiss does George's assert that as a ground for dismissal.  Rather, the motion to dismiss goes only to the issues of whether Cook has adequately pleaded a disability and whether his failure to show for the interview established a non-discriminatory reason for failing to consider him for employment.  Those were also the two issues decided by the district court.  George's had Cook's employment application and presumably knew the job for which he was applying.  Had George's raised the failure to list the job in the complaint, that deficiency could have been easily remedied by an amendment, just as Cook set forth more details concerning his disability in the amended complaint.  We should not decide a case based upon a ground that was not urged by the moving party.

basis of futility we review the underlying legal conclusions de novo." <u>Zutz v. Nelson</u>, 601 F.3d 842, 850 (8th Cir. 2010) (quoting <u>In re 2007 Novastar Fin. Inc., Sec. Litig.</u>, 579 F.3d 878, 884 (8th Cir. 2009)). Finding, as we do above, that Cook's original complaint alleged sufficient facts to state a facially plausible ADA cause of action, <u>Twombly</u>, 550 U.S. at 557, the same is true of Cook's amended complaint, which only added to the allegations made against George's. Cook's request for leave was therefore not futile and should have been granted.

For these reasons, we reverse the district court's grant of the motion to dismiss and denial of the motion for leave to amend.

STRAS, Circuit Judge, dissenting.

The Americans with Disabilities Act prohibits discrimination against a "qualified individual": someone "who, with or without reasonable accommodation, can perform the essential functions" of a job. 42 U.S.C. §§ 12111(8), 12112(a). To plead this statutory element, Jerry Cook had to include enough facts in his complaint to show that he was "qualified" for the job he sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks and citation omitted)). "[N]aked assertion[s]" and "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* (citations omitted).

Cook's complaint in this case fails to get out of the starting gate. All it says is that the "[p]laintiff and the Class able [sic] to do his job with reasonable accommodations." It does not state which job, if any, he previously held with the company, nor does it mention which job he applied for this time around. Without this basic information, we cannot know the "essential functions" of the job, much less

how he could have performed them. 42 U.S.C. § 12111(8). All we have is a conclusory assertion lacking even a *single fact* in support.

There is, to be sure, no question that Cook believes that he was "qualified," or he would not have said that he was "able" to do the "job." But mere belief, coupled with a leap of faith, cannot survive a motion to dismiss. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014–15 (8th Cir. 2013) (explaining that a discrimination complaint must contain enough factual allegations to "raise a right to relief above the speculative level" (citation omitted)); *see also* Fed. R. Civ. P. 8(a).

I recognize that the district court did not dismiss Cook's complaint because he failed to allege facts in support of this particular element. Even so, Cook had the burden of pleading enough to show that he was "qualified," which is a threshold statutory requirement; the allegations here are not only inadequate, but woefully inadequate; and we may affirm on "any basis supported by the record," *Fullington v. Pfizer, Inc.*, 720 F.3d 739, 747 (8th Cir. 2013) (citation omitted) (affirming the grant of a motion to dismiss on an alternative, unargued ground).

For these reasons, I respectfully dissent.

_____