# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1383
_____

Jhonathan Jontae Robinson

*Plaintiff - Appellant*

v.

VSI Construction, Inc.; Marshall Tutt; Jay Tutt

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 5, 2020
Filed: November 18, 2020
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jhonathan Jontae Robinson appeals after the district court[1] dismissed his pro se employment discrimination action. Having carefully reviewed the record and the parties' arguments on appeal, we find no basis for reversal. See Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (per curiam) (standard of review). Accordingly, we affirm. See 8th Cir. R. 47B.

KELLY, Circuit Judge, concurring in part and dissenting in part.

Jhonathan Jontae Robinson alleges in his pro se complaint that Defendants discriminated and retaliated against him on the basis of his race and perceived disability, in violation of Title VII, the Americans with Disabilities Act, and the Minnesota Human Rights Act. While I agree with the district court that Robinson's discrimination claims do not survive a motion to dismiss, I believe that he has sufficiently pleaded a retaliation claim in his Amended Complaint.

This court reviews de novo the grant of a motion to dismiss. See Cook v. George's, Inc., 952 F.3d 935, 938 (8th Cir. 2020); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting Iqbal, 556 U.S. at 678). And we liberally construe a pro se complaint, which "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

To establish a prima facie case for retaliation, a plaintiff must show (1) he engaged in statutorily protected conduct, (2) he suffered an adverse employment action, and (3) a causal connection exists between the two. Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 372 (8th Cir. 2017). Importantly, at the motion to dismiss stage "[i]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)). Rather, "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." Blomker, 831 F.3d at 1056 (emphasis omitted) (quoting Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc)).

By my reading, Robinson has met that burden. In his Amended Complaint,[2] Robinson alleges that he reported "all the alleged misconducts" described in the complaint to his employer in a phone call on May 14, 2018. Liberally construing the complaint and accepting the facts alleged as true, Robinson complained to his employer of suspected race- and disability-based discrimination. This constitutes statutorily protected activity. See 42 U.S.C. § 2000e-3(a); Guimaraes v. SuperValu, Inc., 674 F.3d 962, 977–78 (8th Cir. 2012) ("This court 'applies [Title VII retaliation protection] broadly to cover opposition to employment actions that are not unlawful, as long as the employee acted in a good faith, objectively reasonable belief that the practices were unlawful.'" (quoting Pye v. Nu Aire, Inc., 641 F.3d 1011, 1020 (8th Cir. 2011))). He also alleges that after the call, his employer refused to speak with him further about his complaints and terminated him from his job. Robinson's quick termination plausibly alleges a causal connection between his protected activity and

---

[2]In dismissing Robinson's retaliation claim, the district court relied on allegations contained in the Original Complaint that were not replicated in the Amended Complaint to conclude Robinson failed to state a claim of retaliation. But "it is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). Relying only on the Amended Complaint, as we should, Robinson has sufficiently pleaded his retaliation claim.

an adverse employment action. See Wilson, 850 F.3d at 373 (noting that a six-week period between protected activity and termination plausibly alleges a causal connection for a Title VII retaliation claim). Moreover, Robinson directly alleges that he was "stripped of his opportunity of further employment" by being terminated because he "complained of alleged discrimination."

I would reverse and remand to the district court for further proceedings on Robinson's retaliation claim. See id. at 372 ("Under the 'simplified notice pleading standard' that governs McDonnell Douglas retaliation claims, summary judgment motions—not motions to dismiss—should dispose of most unmeritorious claims.").

_____