# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1242
_____

Matthew Meinen

*Plaintiff - Appellant*

v.

Bi-State Development Agency

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2023
Filed: May 16, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Matthew Meinen sued his former employer, Bi-State Development Agency, claiming discrimination based on race and gender, hostile work environment, and retaliation. Meinen appeals the district court's[1] dismissal of his claims. We affirm.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

## I. BACKGROUND

We recite the facts as pleaded by Meinen in his first amended complaint. Bi-State Development Agency ("Bi-State") is an entity created by interstate compact between Missouri and Illinois to provide public transportation services in the St. Louis area. In 2013, Meinen, a white male, began working as a Transit Security Specialist ("TSS") Lead on the night shift in Bi-State's Public Safety Department. When Meinen moved to the day shift in early 2021, he began experiencing harassing behavior from an unidentified female African American TSS employee (the "female TSS"). According to Meinen, on several occasions the female TSS intentionally rubbed her backside on him, which Meinen reported to his supervisor and her supervisor. Another time, Meinen, dressed in civilian clothing, attempted to walk by the female TSS in the hallway when she blocked his path and stated, "You know you look good without clothes on, (pause) I mean not in uniform." Meinen reported the incident to the female TSS's supervisor. While staff from the day and night shifts were in the squad room, the female TSS recounted the incident to the group, describing it as a "slip up." Meinen then reported the incident and the female TSS's broadcasting of it to his supervisor. Several weeks later, at another gathering of the day and night shift workers, the female TSS loudly told Meinen: "It's not cheating if it's not in your race." Once again, Meinen reported this comment to both his supervisor and hers.

In March 2021, Meinen was interviewed by Bi-State human resources employee Amy Krekeler-Weber in an unrelated investigation involving a white TSS female and a white TSS male. Following completion of the investigation, the male employee was terminated. During the interview, when Meinen told Krekeler-Weber, who also serves as an Equal Employment Opportunity Commission ("EEOC") representative for Bi-State, about his own concerns, she advised him to "write the harasser up." Meinen prepared a written disciplinary warning and delivered it to the female TSS, who "admitted her misconduct" and told Meinen that she was "just joking." Meinen alleged the female TSS was never investigated.

Meinen was terminated on May 17, 2021. On July 8, 2021, he filed a claim with the EEOC alleging discrimination based on race and gender along with a retaliation claim. The EEOC issued a right to sue letter and Meinen commenced an action in Missouri state court, which Bi-State removed to federal court. Meinen's complaint alleges retaliation, gender discrimination, racial discrimination, and hostile work environment claims. Meinen appeals the district court's decision granting Bi-State motion to dismiss for failure to state a claim.

## II.    ANALYSIS

We review *de novo* the grant of a motion to dismiss. Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017). To survive a motion to dismiss, a complaint must contain sufficient allegations which, accepted as true, "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff satisfies the facial plausibility standard by pleading sufficient factual content to allow the court to draw a reasonable inference that the defendant may be liable for the alleged misconduct. Du Bois v. Bd. of Regents of Univ. of Minn., 987 F.3d 1199, 1202 (8th Cir. 2021).

Meinen asserts the district court erred when it dismissed his retaliation claim for failure to plead causation. One of the elements for retaliation under Title VII is a showing that the plaintiff's engagement in statutorily protected activity is the but-for cause for the adverse employment action. Warren v. Kemp, 79 F.4th 967, 973 (8th Cir. 2023) (citing Blackwell v. Alliant Techsystems, Inc., 822 F.3d 431, 436 (8th Cir. 2016)). Generally, something more than temporal proximity is required to establish the necessary causal connection. See Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc). While there is no bright line establishing when temporal connection is or is not sufficient to satisfy the causation requirement, an important consideration is the length of time between the protected activity and the adverse action. Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832-33 (8th Cir. 2002) (citing cases). If the complaint relies on mere temporal proximity and contains

no additional allegations of causation, the time between the protected activity and adverse action must be "very close." Id.

According to the complaint, in March 2021, Meinen was interviewed by a Bi-State EEOC representative as part of an unrelated investigation. Following her suggestion, Meinen prepared a written disciplinary warning which he delivered to the female TSS on an unknown date. Under a favorable reading of the complaint, it was approximately one to two months later when Meinen was terminated.[2] Meinen specifically alleged in the complaint that he "was terminated based on false or pre-textual reasons." While the complaint demonstrates that Meinen was given an alternative explanation for the post-protected-activity termination, no facts are ever alleged that give rise to an inference of a retaliatory motive beyond temporal proximity. Accepting Meinen's allegations true, he did not plead sufficient facts to give rise to an inference of causation beyond mere speculation.[3]

Meinen also challenges the standard used by the district court in dismissing his discrimination claims. The district court properly applied the McDonnell Douglas[4] framework to evaluate Meinen's allegations of discrimination. See Warmington v. Bd. of Regents of Univ. of Minn., 998 F.3d 789, 796 (8th Cir. 2021). To establish a prima facie case of discrimination, Meinen must show that he was a

---

[2]Meinen argues the timing was closer to four weeks, relying on his undated delivery of the disciplinary warning. Even assuming this letter meets the definition of statutorily protected activity, it does not alter the outcome because Meinen has not alleged sufficient facts to establish causation beyond the speculative level.

[3]The dissent would reverse the district court's dismissal of Meinen's retaliation claim, citing our divided panel decision in Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 373 (8th Cir. 2017). However, we cannot consider as a basis for reversal a ground for relief raised for the first time on appeal. See Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 724 (8th Cir.1976) ("It is old and well-settled law that issues not raised in the trial court cannot be considered by this court as a basis for reversal."). Because Meinen neither argued nor cited Wilson in his filings below, the district court did not consider whether Wilson provided a basis for his retaliation claim to survive. The argument was not preserved for appeal.

[4]411 U.S. 792 (1973).

member of a protected class, he was qualified to perform the job, he experienced an adverse employment action, and similarly situated employees outside of the protected class were treated differently. See Twymon v. Wells Fargo & Co., 462 F.3d 925, 934 (8th Cir. 2006) (racial discrimination); Turner v. Gonzales, 421 F.3d 688, 694 (8th Cir. 2005) (gender discrimination); see also 42 U.S.C. § 2000e-2(a)(1).

Meinen's race and gender discrimination claims rely solely on his allegation that an unidentified African American female filed an unrelated complaint against another white male that ultimately resulted in an investigation and termination. He does not allege that the unrelated investigation involved similarly situated individuals or conduct. He merely alleged that an investigation took place, and an employee was terminated. Meinen's claim that Bi-State showed a "pattern" of terminating similarly situated employees is conclusory and unsupported by any factual allegation. Without more, Meinen's complaint is insufficient to give rise to an inference of discrimination. The district court did not err in dismissing Meinen's race and gender discrimination claims.

Finally, Meinen contends the district court erred by dismissing his hostile work environment claim. To prevail on this claim, the allegations of harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993). Although Meinen alleges behavior by a co-worker that made him uncomfortable, the behavior, even if proven, fails to show the type of extreme conduct that would entitle him to relief. See Blomker v. Jewell, 831 F.3d 1051, 1058 (8th Cir. 2016) (affirming dismissal of hostile environment claim where conduct alleged was vile or inappropriate but not actionable); Anderson v. Family Dollar Stores of Ark., Inc., 579 F.3d 858, 862 (8th Cir. 2009) (dismissing hostile work environment claim involving allegations of rubbing shoulders or back and several offhand remarks).

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

GRASZ, Circuit Judge, concurring in part and dissenting in part.

I concur with the majority's decision to affirm the dismissal of Meinen's race-discrimination, gender-discrimination, and hostile-work-environment claims.  I respectfully dissent, however, from the majority's decision to affirm the dismissal of Meinen's retaliation claim.  Our circuit precedent is clear: close temporal proximity between an employee's protected activity and the employer's adverse action is sufficient for an inference of retaliation at the pleading stage unless there are obvious alternative explanations for the adverse action.  See Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 373 (8th Cir. 2017).

Meinen sufficiently pled the first two elements of the prima facie case for retaliation because he alleged he engaged in protected conduct by reporting harassment and serving a disciplinary warning to the female TSS, and he alleged he suffered an adverse employment action about four weeks later when he was terminated.[5]  The determinative issue here involves only the third element of the retaliation claim: whether Meinen pled sufficient facts to infer "but-for" causation between his protected conduct and his termination.  Our precedent says he has.

This court has held an employee "can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events."  Wilson, 850 F.3d at 373 (quoting Turner v. Gonzales, 421 F.3d 688, 696–97 (8th Cir. 2005)).  In Wilson, we assessed the sufficiency of an

---

[5]As the majority noted, Meinen's delivery of the disciplinary warning was not dated.  But under a favorable reading of the complaint, Meinen was terminated approximately four weeks later.  Indeed, the district court stated there was "a temporal gap of approximately one month between Meinen serving his disciplinary warning and his termination."

employee's factual allegations for a Title VII retaliation claim and held "the six-week period between the EEOC charge and the termination plausibly allege[d] a but-for causal connection."  Id. at 370, 373.  In Wilson, we also favorably cited to decisions from other circuits allowing for even longer intervals of time at the motion-to-dismiss stage.  Id. at 373.  Here, Meinen alleged a mere four weeks between his protected conduct and his termination, approximately two weeks closer than the six-week retaliation timeline in Wilson, and hence, easily close enough to create a sufficient inference of retaliation at the pleading stage.  We have long adhered to the proposition that "summary judgment motions—not motions to dismiss—should dispose of most unmeritorious claims."  Wilson, 850 F.3d at 372 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

The majority excuses the failure of the district court to follow our precedent in Wilson by concluding "[t]he argument was not preserved for appeal."  Ante, at 4 n.3.  The court recites and relies on the principle that "we cannot consider as a basis for reversal a ground for relief raised for the first time on appeal."  Id.  The court's recitation of the rule is accurate.  But its reliance on it is, in my view, misplaced.  Failing to raise a "ground for relief" is not the same as failing to cite to a particular case.  The majority conflates the two.  Meinen raised the temporal proximity issue below, as the district court recognized.  See Mem. and Order, R. Doc. No. 26, at 5 (recognizing "[i]n response to Bi-State's motion to dismiss and in support of his retaliation claim, Meinen asserts that the temporal proximity between his termination and his reporting the harassment support an inference of causation").  Nonetheless, the majority now concludes Meinen has waived the temporal proximity argument by citing below to a district court decision rather than Wilson to support his argument.  But our precedent requires only that a litigant raise the issue in the trial court to preserve an argument for appeal; not that he or she must cite to a particular case.  The majority's approach would make this court an outlier among the circuits: "Whether or not an issue is preserved in the trial court does not depend on what authorities the arguing party cites to that court."  Alston v. Town of Brookline, 997 F.3d 23, 44 (1st Cir. 2021).  Accord Templeton v. Jarmillo, 28 F.4th 618, 622 (5th Cir. 2022); United States v. Reed, 993 F.3d 441, 453 (6th Cir. 2021);

Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 773 n.20 (7th Cir. 2010); United States v. Rapone, 131 F.3d 188, 196 (D.C. Cir. 1997).

Finally, although we may dismiss a retaliation claim if there is a lawful and obvious alternative explanation showing the protected activity was not the but-for cause of the adverse action, no such explanation exists here. See id. at 373. In Blomker v. Jewell, this court affirmed the dismissal of a complaint where an eight-page attachment showed the employee was fired because of a years-long disciplinary history. 831 F.3d 1051, 1059–60 (8th Cir. 2016). But here, Meinen pled no other reasons for his termination besides the protected activity and the alleged retaliation. And contrary to the majority's assertion that "no facts are ever alleged that give rise to an inference of a retaliatory motive beyond temporal proximity[,]" ante at 4, Meinen did plead several facts showing why retaliation is a plausible but-for cause of his termination: Bi-State never investigated his allegations of harassment; he was qualified in all aspects of his job; and he had worked for Bi-State for approximately eight years, meeting all job expectations. So, even if one disregarded our precedent in Wilson, Meinen still pled enough facts to survive a motion to dismiss. See Donathan v. Oakley Grain, Inc., 861 F.3d 735, 742 (8th Cir. 2017) ("[T]here is no need to address the value of temporal proximity 'standing alone' because temporal proximity does not stand alone in this case."). Given these plausible facts, if Meinen's termination is construed as due to poor performance, and not as part of the alleged retaliation, it "would 'invert the principle that the complaint is construed most favorably to the nonmoving party.'" Wilson, 850 F.3d at 374 (quoting Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 597 (8th Cir. 2009)).

For these reasons, I would reverse the district court's dismissal of Meinen's retaliation claim.

_____