# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3324
_____

Judy Brown

*Plaintiff - Appellant*

v.

Conagra Brands, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: March 14, 2024
Filed: March 12, 2025
_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

After being demoted and then fired, Judy Brown sued Conagra Brands, Inc., alleging discrimination based on race and disability and retaliation for filing a discrimination charge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 *et seq.* She also claims that Conagra violated Nebraska

common law by retaliating against her for filing a workers' compensation claim. The district court[1] granted Conagra's motion to dismiss for failure to state a claim. We affirm.

Conagra hired Brown, a biracial woman, in October 1997. She became disabled in 2015 after suffering a workplace injury and filed a workers' compensation claim in 2017. As an accommodation, Conagra temporarily transferred Brown from her position as a forklift operator to packaging machine operator, moving Mr. King from packaging machine operator to forklift operator. Conagra paid Brown the higher forklift operator rate until July 2020, when her work restrictions became permanent, and then cut her pay to the packaging machine operator rate.[2]

After King died in September 2020, Conagra posted the forklift operator and the packaging machine operator jobs. Brown applied for the first-shift packaging machine operator position but was not selected, despite having more seniority than the successful candidate. She was instead assigned to work the second and third shifts for less pay. She filed a charge of discrimination against Conagra with the NEOC and the EEOC, alleging that due to her "disability, record of disability, race, and in retaliation for requesting an accommodation and filing a charge of discrimination, [she] was demoted and assigned to a less favorable shift."

Brown was fired on December 6, 2021, and then sued in state court. Conagra removed to federal district court and answered. After Brown filed an amended complaint, Conagra moved to dismiss.

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

[2]After Conagra cut her pay, Brown filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC), both of which dismissed the charge and issued right-to-sue letters. She has not challenged the district court's finding that the race and disability discrimination claims based on her July 2020 pay reduction are time barred.

We review *de novo* the district court's grant of Conagra's motion to dismiss, accepting the amended complaint's well-pleaded allegations as true and drawing all reasonable inferences in Brown's favor. *See Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 795–96 (8th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Brown failed to plead a race discrimination claim under Title VII or the NFEPA. To establish a prima facie case under either statute, she had to plead "circumstances sufficient to permit an inference of discrimination." *Walker v. First Care Mgmt. Grp., LLC*, 27 F.4th 600, 604 (8th Cir. 2022); *see Norgren v. Minn. Dep't of Human Servs.*, 96 F.4th 1048, 1055 (8th Cir. 2024) (complaint's allegations "must only give plausible support" to the inference because "this prima facie model is an evidentiary, not a pleading standard" (cleaned up) (citations omitted)). Brown argues she was "treated differently than persons of other races," because King "was placed into a different position without his job being posted." But she did not identify King's race, and the fact that both jobs were posted in October 2020 (weeks after King's death and three months after Brown's restrictions became permanent) does not plausibly support an inference that Conagra demoted or fired her because of her race.

Brown also failed to plead a disability discrimination claim under the ADA or the NFEPA because she did not plausibly allege that she has a disability. *Cook v. George's Inc.*, 952 F.3d 935, 939–40 (8th Cir. 2020) (considering elements of ADA claim in deciding whether a complaint stated a claim for relief); *see Ryan v. Cap. Contractors, Inc.*, 679 F.3d 772, 777 n.3 (8th Cir. 2012) (analysis of plaintiff's ADA claims applied with equal force to his NFEPA claims). While we may infer some limitation because Brown was unable to perform the forklift operator duties, Brown did not allege what her disability is, how she is impaired, what limitations she has, or what she was unable to do. *See* 42 U.S.C. § 12102(1) ("disability" means "a physical or mental impairment that substantially limits one or more major life

activities," "a record of such impairment," or "being regarded as having such an impairment"); Neb. Rev. Stat. § 48-1102(9) (same). Instead, she pleaded only the legal conclusion that she is a "disabled individual with a record of disability." That is not enough to state a disability discrimination claim. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Brown's retaliation claims under Title VII, the ADA, or the NFEPA fare no better. Brown did not allege sufficient facts to infer a causal connection between her protected activity and the adverse employment action. *See Meinen v. Bi-State Dev. Agency*, 101 F.4th 947, 950 (8th Cir. 2024) (Title VII); *Canning v. Creighton Univ.*, 995 F.3d 603, 615 (8th Cir. 2021) (ADA); *Knapp v. Ruser*, 901 N.W.2d 31, 48 (Neb. 2017) (NFEPA). She argues that being demoted three months after filing a discrimination claim "could cause a trier of fact to raise eyebrows" because she had been performing the job for more than three years. But that temporal proximity alone does not support an inference of retaliation, and she did not allege anything else about causation. *See Meinen*, 101 F.4th at 950 ("Generally, something more than temporal proximity is required to establish the necessary causal connection."); *Lors v. Dean*, 746 F.3d 857, 866 (8th Cir. 2014) (stating that "more than two months is too long to support a finding of causation without something more" (cleaned up) (citation omitted)).

Finally, we hold that Brown failed to state a claim for common law unlawful retaliation, albeit for slightly different reasons from the district court. The general rule in Nebraska is that an employer may fire an at-will employee at any time with or without reason, unless prohibited by constitution, statute, or contract. *Riesen v. Irwin Indus. Tool Co.*, 717 N.W.2d 907, 913 (Neb. 2006). "Under the public policy exception to the at-will employment doctrine, however, an employee can claim damages for wrongful discharge when the motivation for the firing contravenes public policy." *Id.* Nebraska recognizes an action for retaliatory discharge "when an employee has been discharged for filing a workers' compensation claim." *Id.*

-4-

Brown claimed that she had been transferred to accommodate her workplace injury in January 2017, that she filed a workers' compensation case, and that she was demoted in October 2020 and fired on December 6, 2021. The district court found that the three- or four-year gap between filing suit and the adverse employment actions was too long to support an inference that Conagra demoted or fired her in retaliation for filing a workers' compensation action. But under Nebraska law, whether her claim was still pending matters. *See Riesen*, 717 N.W.2d at 916.

Brown's allegations support the reasonable inference that her workers' compensation claim was pending when she was demoted and fired, but that does not necessarily mean that she stated a plausible claim for retaliation in violation of public policy. In *Riesen*, the plaintiff was fired just two days after he notified his employer "that after nearly 12 months of medical treatment and accompanying workers' compensation benefits, he needed more surgery." *Id.* The Nebraska Supreme Court found that the plaintiff had shown a causal nexus by presenting evidence of the temporal proximity between the notice of additional surgery and his firing, as well as "evidence of his satisfactory work performance." *Id.*

Brown did not allege anything that immediately precipitated the October 2020 demotion or the December 2021 firing that could give rise to an inference of retaliation. She did not allege any negative remarks, any required additional medical treatment, any work restrictions, or any other facts that might infer a causal nexus between her workers' compensation claim and the adverse employment actions. Brown argues to us that she was terminated on the eve of her workers' compensation trial. But she never pleaded this, and we cannot infer any causal nexus from the amended complaint.

We affirm the district court's judgment.

_____

-5-