# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 25-1792

———————————————

Sara Brisco

*Plaintiff - Appellant*

v.

Gerry Brisco; Meeker And Wright Special Education Cooperative, MAWSECO;
Delano Public Schools System

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: December 12, 2025
Filed: December 17, 2025
[Unpublished]

————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

————————

PER CURIAM.

Sara Brisco appeals the district court's[1] dismissal of her pro se complaint raising claims related to the education received by her children with special needs. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

This court reviews de novo the district court's dismissal of Brisco's pro se complaint. *See Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (standard of review). Brisco's complaint asserts a Title II Americans with Disabilities Act (ADA) claim on behalf of her children against Gerry Brisco, the Meeker and Wright Special Education Cooperative, and the Delano Public Schools System. Brisco cannot maintain a claim against Gerry Brisco as there is no individual liability under the ADA. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' That term, as it is defined within the statute, does not include individuals." (quoting 42 U.S.C. § 12132)). Additionally, she cannot maintain her ADA claims against the special education cooperative and the school system. True, "[p]arents have standing to sue when practices and policies of a school threaten their rights and interests and those of their children." *Liddle v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 965–66 (8th Cir. 2018). But parents cannot bring such a lawsuit pro se. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves."). After a careful review of the record and the parties' arguments on appeal, this court finds no basis for reversal.

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____