The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Plaintiff,

v.

Beverly J. WHITNEY, Appellee,

Richard S. Walsh, Appellant.

No. 91–1313.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Jan. 22, 1992.

("Act"), 38 U.S.C. §§ 765–779 (renumbered as 38 U.S.C. §§ 1965–1979 (1991)). Thompson's parents, Beverly J. Whitney and Richard S. Walsh, were not married at the time of Thompson's birth. While a member of the Missouri National Guard, Thompson signed a beneficiary designation form directing that, in the event of his death, the benefits of his life insurance policy should be distributed "by law." Thompson died without a spouse or children; therefore, according to 38 U.S.C. § 770(a), the insurance proceeds were to be paid to his "parents" in equal shares. Prudential paid one-half of the proceeds to Whitney and filed a complaint for interpleader to determine the appropriate recipient of the remaining one-half. Whitney claimed entitlement to all proceeds of the insurance policy as the sole surviving "parent" as that term is defined in the Act, 38 U.S.C. § 765(9). Walsh contended that he is also a "parent" within the definition of section 765(9), and that he is entitled to the remaining one-half of the proceeds.

Section 765(9) reads in pertinent part:

(9) The term "parent" means a ... father of an illegitimate child but only if (a) he acknowledged paternity of the child in writing signed by him before the child's death; or (b) he has been judicially ordered to contribute to the child's support; or (c) he has been judicially decreed to be the father of such child; or (d) proof of paternity is established by a certified copy of the public record of birth or church record of baptism showing that the claimant was the informant and was named as father of the child; or (e) proof of paternity is established from service department or other public records, such as school or welfare agencies, which show that with his knowledge the claimant was named as father of the child.

Walsh conceded during discovery that he could not meet the criteria of subsections (b) or (c). Whitney moved for summary

Rosie Quinn, Kansas City, Kan., argued (Ronald Finley, on the brief), for appellant.

H. Vincent Monslow, Kansas City, Mo., argued (George Blackwood, Jr., on the brief), for appellee.

Before BOWMAN and BEAM, Circuit Judges, and VAN SICKLE,[*] District Judge.

BEAM, Circuit Judge.

Richard S. Walsh appeals from the district court's[1] order granting summary judgment to Beverly J. Whitney. 745 F.Supp. 1506. We affirm.

## I.

This case concerns the appropriate beneficiary of a one-half interest in a group life insurance policy that Prudential Insurance Company of America ("Prudential") issued to decedent Richard S. Thompson pursuant to the Servicemen's Group Life Insurance

---

[*] The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

[1.] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

judgment on the grounds that Walsh failed to qualify as a "parent," as he had produced no documents, and no other evidence had been adduced in discovery, to establish that Walsh met the criteria of subsections (a), (d) or (e). Whitney included as support for her motion Thompson's hospital, police department, and school records; his birth certificate, which did not name a father; and his certificate of baptism, which did not list his parents.

Walsh responded that, although he had no documents indicating he acknowledged paternity in writing as required by subsection (a), he "believe[d] those documents do or should exist" in the form of a document he signed at Thompson's birth accepting responsibility for the hospital bill, and "some type of bond form" he signed in 1988 which "may have asked his relationship to Thompson." These documents were not produced by the hospital or the police department in response to document requests. Walsh also asserted that subsection (e) is ambiguous, and that an appropriate interpretation of the subsection would allow him to prove paternity through service department records he produced which list him as Thompson's father, although the documents do not show that Walsh had knowledge that he was so named at the time of their creation. He argued that the phrase "which show that with his knowledge the claimant was named as the father of the child" within subsection (e) applies only to "other public records," not service department records, and further, that nothing in the statute requires that a service department record show on its face that a putative father knew he was being listed as such.

The district court held that Walsh raised no genuine issue of material fact, and granted Whitney's motion. The court found Walsh's claim that other records "do or should exist" unsupported. The court stated that section 765(9) provides a restrictive definition of "parent," in which the father of an illegitimate child is a "parent" for the purposes of the Act only if he complies with one of the five subsections of 38 U.S.C. § 765(9). Therefore, the court explained, "the fact that it is undisputed that Walsh is the father of Thompson has no bearing on the outcome of this case." It further found Walsh's construction of subsection (e) "in direct contravention of the language Congress adopted." The court explained that construing the subsection as Walsh suggested would require the court to treat the phrase "which show that with his knowledge the claimant was named as father of the child" as surplusage and without meaning, and would eliminate the knowledge requirement which Congress deemed necessary to ensure the reliability of the documents listed in subsection (e).

On appeal, Walsh argues that the district court erred in applying the statutory criteria to his case because he is the undisputed natural father of Thompson. He also claims that the district court incorrectly interpreted section 765(9)(e). He further argues that the district court erred in granting summary judgment because genuine issues of material fact remain as to whether he signed documents and indicated his relationship to Walsh on the documents. Whitney urges affirmance based on the reasoning of the district court.

## II.

Summary judgment is appropriate where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In the face of a properly supported motion for summary judgment, the non-moving party is obliged to produce " 'significant probative evidence tending to support' " the claimed factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)); Fed.R.Civ.P. 56(e). We find that Whitney properly supported her motion. Walsh's response that signed writings in which he acknowledged paternity "do or should exist," without more, was inadequate to raise a genuine issue of material fact necessary to overcome Whitney's motion. *See Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir.),

*cert. denied,* 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984) (conclusive assertions of ultimate fact accorded little weight when determining whether nonmovant has shown genuine issue of fact sufficient to overcome properly supported summary judgment motion).

The district court correctly held that Whitney was entitled to judgment as a matter of law. We find the district court's reasoning sound, and affirm in accordance with its careful analysis.