# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1314
_____

Blake Liscomb

*Plaintiff - Appellant*

v.

Henry Boyce, Individually and in his Official Capacity as a Prosecutor; Jeff Floyd;
Tony Anglin

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: September 25, 2019
Filed: April 3, 2020

_____

Before SMITH, Chief Judge, BEAM and ERICKSON, Circuit Judges.

_____

SMITH, Chief Judge.

After his discharge from the Lawrence County Sheriff's Office, Blake Liscomb
sought unpaid overtime compensation. He alleges that a state prosecutor—Henry

Boyce—retaliated against him for doing so. The district court[1] found that Liscomb failed to state a claim. We affirm.

## I. *Background*

Liscomb served as a canine officer in the Lawrence County Sheriff's Office for more than three years. After the county terminated him, the complaint states that Liscomb found a lawyer and began negotiating with the county for overtime pay. It also states that the local news incorrectly reported that Liscomb had filed a lawsuit. He asserts that Boyce, believing that Liscomb filed the lawsuit, retaliated against him in two ways.

First, Liscomb alleges that Boyce denied him employment. Liscomb learned that the Drug Task Force (DTF) was seeking a canine officer. He approached Boyce, who Liscomb alleged had final-hiring authority, about the job. According to Liscomb's complaint, Boyce told Liscomb that the "lawsuit was holding Boyce back from employing Plaintiff with DTF." Second Am. Compl. at 2, ¶ 9, *Liscomb v. Boyce*, No. 3:17-cv-00036 (E.D. Ark. June 22, 2017), ECF No. 28. The county sheriff spoke with Boyce on Liscomb's behalf, but Boyce replied that he "had reservations about hiring anybody that had a lawsuit against the county." *Id.* at 3, ¶ 13. Liscomb claims, without alleging any evidence, that he "reached an agreement with the County . . . to settle his claim in return for employment with the DTF." *Id.* at 2, ¶ 10. Yet Boyce still refused to hire him.

Second, Liscomb claims that Boyce brought false criminal charges against him. Liscomb alleges that Boyce conspired with Jeff Floyd and Tony Anglin "to bring a frivolous criminal charge against [Liscomb] in order to deter [Liscomb] from bringing a lawsuit and in retaliation for [Liscomb] exercising his 1st Amendment Rights." *Id.* at 6, ¶ 43. Liscomb was ultimately acquitted of the charges.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Liscomb subsequently filed this suit against Boyce, Anglin, and Floyd (the "defendants"). He argues that Boyce's retaliatory conduct violated the anti-retaliation provision of the Federal Labor Standards Act (FLSA) and his First Amendment rights as protected by 42 U.S.C. § 1983. He also asserts that Boyce violated his due process rights when Boyce had others inform his employers of the criminal charges and denied Liscomb a name-clearing hearing. Further, he claims that the defendants' conduct constitutes a conspiracy under 42 U.S.C. §§ 1985 and 1986. He also alleges a number of related state law claims.

The defendants moved to dismiss. The district court found that the FLSA did not protect Liscomb because he was only a prospective employee. *Liscomb v. Boyce*, No. 3:17-cv-00036, 2018 WL 342017, at *3 (E.D. Ark. Jan. 9, 2018). It also found that Liscomb alleged no more than damage to reputation thus excluding a due process violation remedy. *Id.* at *2. The court found that Liscomb failed to plausibly plead a conspiracy claim. *Id.* at *4. And it dismissed the state law claims against Boyce based on sovereign immunity and the absence of a private cause of action for retaliation under the Arkansas Minimum Wage Act (AMWA). *Id.* at *3. Further, the court found that Liscomb's request for leave to amend was futile because the proposed third-amended complaint did not adequately resolve the failings of the second-amended complaint. *Id.* at *2. The court did not address Boyce's First Amendment claim.

## II. *Discussion*

"We review the district court's grant of a motion to dismiss de novo." *Cook v. ACS State & Local Sols., Inc.*, 663 F.3d 989, 992 (8th Cir. 2011). "In reviewing an appeal from a grant of a motion to dismiss, we construe the complaint in the light most favorable to the nonmoving party." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715–16 (8th Cir. 2011) (internal quotation omitted). To avoid dismissal, the complaint must contain facts that, if "accepted as true, . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Wilson*

-3-

*v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation omitted). This "standard asks for more than a sheer possibility that a defendant has acted unlawfully, or more than a mere possibility of misconduct." *Id.* (cleaned up).

## A. *Federal Law Claims*
### 1. *First Amendment Retaliation Claim*

Liscomb dedicates much of his reply brief to his First Amendment claim, which the district court failed to address. But "[c]laims not raised in an opening brief are deemed waived." *Jenkens v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008). Liscomb's opening brief purports to jointly analyze that issue with his ACRA, FLSA, and AMWA arguments. After making that statement and providing the First Amendment claim's elements, however, the brief focuses solely on his FLSA claim. He does not analyze a single element of the First Amendment claim, nor does he refer to it within his analysis. "Since there was no meaningful argument on this claim in his opening brief, it is waived." *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

### 2. *FLSA Retaliation Claim*

Liscomb argues that the FLSA's anti-retaliation provision applies here and proscribed Boyce's actions. *See* 29 U.S.C. § 215(a)(3). The district court rejected this claim. The court concluded that the FLSA's anti-retaliation provision does not apply to prospective employees. Consequently, Liscomb's application for employment would not entitle him to retaliation protection from a prospective employer.

Though we have never addressed that issue, the district court relied on the statute's text and the Fourth Circuit's decision in *Dellinger v. Science Applications International Corp.*, 649 F.3d 226, 228–31 (4th Cir. 2011). We agree with the district court's analysis. "[I]n any statutory construction case, we start, of course, with the statutory text, and proceed from the understanding that unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (cleaned up). The FLSA provides that it is unlawful for any person:

to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). The FLSA provides that "the term 'employee' means any individual employed by an employer," and no exception to that definition applies here. *See id.* § 203(e)(1). Prospective employees are not "employed by an employer," so they do not satisfy the FLSA's definition of an employee. Thus as a prospective employee, Liscomb does not satisfy the definition and has no claim under the FLSA's retaliation provision. *See Dellinger*, 649 F.3d at 231 ("Because we conclude that the text and purpose of the Fair Labor Standards Act of 1938 link the Act's application closely to the employment relationship and because the text of the applicable remedy allows for private civil actions only by employees against their employers, we hold that the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3), does not authorize prospective employees to bring retaliation claims against prospective employers.").

Because Liscomb is not an employee under § 215(a)(3) of the FLSA, the district court did not err in dismissing his claim.

### 3. *Due Process Claim*

Liscomb next argues that his complaint states a valid due process claim. He alleges that Boyce harmed his reputation by informing others of pending criminal charges against him. Specifically, he asserts that Boyce's actions affected his current and prospective employers, who then refused to retain or hire him.

Liscomb's brief cites *Paul v. Davis*, 424 U.S. 693 (1976), to support his claim. There, the Supreme Court found that there must be more than damage to reputation alone to implicate a "liberty" or "property" interest. *Id.* at 701. Rather, in addition to

a stigma, we require the complaint to allege the "alteration or extinguishment of a right or legal status." *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). We have referred to this as the "'stigma-plus' test." *See Jones v. McNeese*, 746 F.3d 887, 898 (8th Cir. 2014).

On appeal, Liscomb argues that Boyce altered or extinguished his rights or status when he ordered the police to contact Liscomb's employers and advise them that Liscomb was unfit. The district court concluded that this alleged conduct did not satisfy the "plus" requirement of the stigma-plus test. We agree. In essence, it merely restated Liscomb's alleged harm to reputation and adds nothing else. Because Liscomb failed to point to "any alteration or extinguishment of a right or legal status" on appeal, he "failed to state a claim upon which relief can be granted." *Brown*, 478 F.3d at 923–24.

### 4. *Section 1985 and 1986 Claims*

Liscomb also argues that he stated a valid conspiracy claim under 42 U.S.C. §§ 1985(2)–(3) and 1986 against the defendants. He argues that Anglin and Floyd falsely accused him of theft, and that Boyce knew that their allegations were false. Despite that knowledge, Boyce brought criminal charges in *state* court and had Anglin and Floyd testify.

There are two potential causes of action under § 1985(2). Liscomb's claim relates to the first, which we have held proscribes "conspiracies to interfere with the administration of justice *in federal courts*." *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986) (emphasis added). In *Harrison*, we did not address the first clause because the plaintiff did not allege federal involvement with the conspiracy. *Id.* Liscomb's claim fails for the same reason. In his brief he argues otherwise, stating that he "alleged . . . a belief that the federal claim had been filed." Appellant's Br. at 22. Yet he does not provide a citation to the record, and this court could not find such an allegation in his complaint. In fact, Liscomb's complaint does not allege a conspiracy in a federal court but rather in a state criminal court.

*Harrison* interprets § 1985(2) as referring only to federal proceedings and involvement. Liscomb failed to allege either. Consequently, Liscomb failed to plead a conspiracy claim under § 1985(2).

Liscomb also alleges violations of §§ 1985(3) and 1986. But those sections do not provide independent causes of action. They only apply if a conspiracy exists under one of § 1985's other subsections. *See* 42 U.S.C. § 1985(3) (limiting itself to "any case of conspiracy set forth in this section"); *id.* § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title . . . ."); *Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998) ("[I]n order to maintain her § 1986 action, appellant would have to prove that: . . . [the defendant] had actual knowledge of a § 1985 conspiracy . . . ." (internal quotation omitted)). Because Liscomb failed to allege a conspiracy under § 1985(2), his §§ 1985(3) and 1986 claims also fail.

B. *State Law Claims*

Liscomb's complaint contains several state law claims. As for the claims against Boyce, the district court dismissed the ACRA claim as barred by sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124–25 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 447 (8th Cir. 1995). It dismissed the AMWA claim as inapplicable because the statute does not provide a private cause of action for retaliation. *See* Ark. Code Ann. § 11-4-206. And the court found that prosecutorial immunity barred any malicious prosecution and abuse-of-process claims relating to Boyce's alleged filing of a retaliatory lawsuit. *See Imbler v. Pachtman*, 424 U.S. 409, 421–24 (1976); *Lewellen v. Raff*, 843 F.2d 1103, 1113–14 (8th Cir. 1988). Because Liscomb fails to provide case law that persuades us otherwise, "[w]e find the district court's reasoning sound, and affirm in accordance with its careful analysis." *Prudential Ins. Co. of Am. v. Whitney*, 954 F.2d 516, 519 (8th Cir. 1992).

The district court dismissed the remaining state law claims *sua sponte*. "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015) (quoting *In re Can. Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006)). Liscomb "does not challenge the district court's exercise of this discretion." *Id.* at 1017. We find that the district court did not err in doing so.

## C. *Leave to Amend*

Liscomb argues that the district court abused its discretion when it denied him leave to amend his complaint. The district court found that granting that motion was futile. "Futility is a valid basis for denying leave to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). We have held that amending is futile if the amended complaint does not meet pleading requirements. *See United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557–58 (8th Cir. 2006) (finding that an amendment was futile because the proposed amended complaint did not sufficiently plead fraud).

Liscomb's proposed third-amended complaint fails to remedy the failures found in prior efforts. His amendments primarily focus on Boyce's authority over the hiring process. As the district court noted, "[e]ven if Boyce had ultimate authority over hiring for the Drug Task Force, Liscomb's claims still cannot survive a motion to dismiss." *Liscomb*, 2018 WL 342017, at *2. We agree that Liscomb's motion to amend was futile because it failed to remedy the defects discussed above.

## III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

ERICKSON, Circuit Judge, concurring.

I write separately to note that it is not a preferred practice for a district court to fail to analyze a claim, and "we ordinarily remand to give the court an opportunity to rule in the first instance." GEICO Cas. Co. v. Isaacson, 932 F.3d 721, 724 (8th Cir. 2019). However, I concur in the result because while I believe Liscomb raised his First Amendment claim in his opening brief, he never argued or analyzed the claim in a cogent way until the reply brief. I agree with the majority that a claim is waived when a party does not present any meaningful argument until the reply brief.

_____