# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2153
_____

Troy K. Scheffler

*Plaintiff - Appellant*

v.

City of Blaine, a political subdivision of the state of Minnesota

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 11, 2020
Filed: July 24, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

The City of Blaine ("the City") seized Troy Scheffler's car and commenced forfeiture proceedings. Minnesota courts upheld the forfeiture. Scheffler eventually filed this 42 U.S.C. § 1983 action claiming that the forfeiture violated his federal

constitutional rights. Applying the *Rooker-Feldman* doctrine,[1] the district court[2] dismissed his federal claims for lack of subject matter jurisdiction. We affirm.

## I. *Background*

In 2010, officers arrested Scheffler for driving under the influence. The City prosecuted the offense and charged Scheffler with violating Minn. Stat. § 171.09 subdiv. 1(f)(1). That subdivision makes it a crime to possess or consume alcohol if the individual holds a special class of driver's license (a "B card"). *See id.* A violation of that restriction can result in the forfeiture of the violator's vehicle. *See id.* § 169A.63 subdiv. 7(d)(3). Scheffler admitted to facts that supported a misdemeanor driving-under-the-influence conviction; in exchange, the City dropped the B-card charge. Scheffler's conviction was upheld on appeal.

The City seized Scheffler's car, and Scheffler filed a timely notice of a civil forfeiture hearing. After Scheffler's criminal proceeding concluded in 2015, the district court administrator was tasked with scheduling a forfeiture hearing "as soon as practicable." *See id.* § 169A.63 subdiv. 9(d). The administrator failed to do so; Scheffler called and scheduled one nine months later.

During his state forfeiture proceedings, Scheffler argued that the administrator's failure to promptly schedule a hearing invalidated the forfeiture. He also argued that his driving-under-the-influence conviction did not render his car subject to forfeiture. The court reviewed the evidence, including the testimony of an individual who kept driving records that indicated that Scheffler had a B-card license.

---

[1]*See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *see also D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[2]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

The state trial court then found that Scheffler had committed an offense qualifying his vehicle for forfeiture and denied his forfeiture challenge.

Scheffler appealed to the Minnesota Court of Appeals, which affirmed. *See Scheffler v. 2008 Chevrolet Motor Vehicle*, No. A17-0478, 2018 WL 414313, at *1 (Minn. Ct. App. Jan. 16, 2018). The Minnesota Court of Appeals held that (1) Scheffler was not entitled to a hearing within 180 days of the conclusion of his criminal case, (2) the failure of the court administrator to timely schedule a hearing did not deprive the court of jurisdiction, (3) Scheffler was not entitled to return of the vehicle, and (4) the state trial court did not err in admitting the record keeper's testimony. Scheffler petitioned the Minnesota Supreme Court for review. That court denied Scheffler's petition on March 28, 2018, and the clerk of appellate courts entered the final judgment on August 23, 2018.

On June 26, 2018, Scheffler filed this action in federal district court against the state district court administrator and the City. The court administrator settled Scheffler's suit against it, and Scheffler then amended his complaint, asserting four § 1983 claims against the City. In the first two, he argued that the City's failure to conduct a timely forfeiture hearing violated his constitutional procedural and substantive due process rights. In the third, he alleged that the City violated the Equal Protection Clause by treating him differently than other individuals involved in forfeiture proceedings. In the fourth, Scheffler alleged that the City offered the records keeper's testimony in retaliation for Scheffler pointing out that he did not concede to having a B card during the criminal proceedings.

Applying the *Rooker-Feldman* doctrine, the district court dismissed Scheffler's case against the City for lack of jurisdiction.[3] The district court concluded that

---

[3]Alternatively, the district court found that res judicata barred Scheffler's claims.

Scheffler's federal claims were inextricably intertwined with his state claims. The district court could not grant Scheffler the relief he sought without effectively overruling the state courts' forfeiture decisions. It also rejected Scheffler's argument that he filed his federal case before the state clerk of appellate courts filed the final state court judgment, rendering *Rooker-Feldman* inapplicable. The district court dismissed Scheffler's claim with prejudice. He appeals.

## II. *Discussion*

We review a district court's dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine de novo. *Goetzman v. Agribank, FCB* (*In re Goetzman*), 91 F.3d 1173, 1177 (8th Cir. 1996). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). "[O]nce a party has litigated in state court, however, he cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a section 1983 action." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) (cleaned up). To determine whether a party is simply recasting his or her lawsuit, courts "determine if the state and federal claims are inextricably intertwined." *Id.* (internal quotation omitted). "Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Id.*

Here, Scheffler fails to argue that the district court erred in finding his state and federal claims inextricably intertwined.[4] Instead, he claims that he "beat the *Rooker-*

---

[4]In his *res judicata* arguments and in a heading, Scheffler argued that two of his federal claims "[a]rose [i]ndependently from the [s]eizure of [h]is [v]ehicle." Appellant's Br. at 44 (bold and underline omitted). But he does not make similar arguments regarding the *Rooker-Feldman* doctrine. And our standard turns on whether the claims are "inextricably intertwined," not whether they "arise out of" the

*Feldman* deadline by nearly two months." Appellant's Br. at 39. The Supreme Court "confined the application of *Rooker-Feldman* to only those federal cases *commenced after* a state-court judgment was rendered." *Robins*, 631 F.3d at 927 (emphasis added). Thus, if Scheffler filed his federal action before the "state-court judgment was rendered," *Rooker-Feldman* does not apply.

Scheffler filed his federal action on June 26, 2018. The Minnesota Supreme Court denied Scheffler's petition for review on March 28, 2018, and the clerk of appellate courts entered an administrative order on August 23, 2018. Scheffler argues that the date of the clerk's order is the day the "state-court judgment was rendered."

Scheffler misunderstands Minnesota law. In *Robins*, we determined that in Minnesota a "state-court judgment was 'rendered'" "when the Minnesota Supreme Court filed its opinion," not when the "formal judgment was entered" by the clerk of appellate courts. *Id.* at 928. In other words, we looked to the date of the filing of the Minnesota Supreme Court's decision, not the date of the clerk's entry of formal judgment. Applying that rule here, the state court judgment was rendered on March 28, 2018, almost three months before Scheffler filed his federal suit. Therefore, Scheffler's federal action commenced after the state-court judgment was rendered, and *Rooker-Feldman* applies. Scheffler asserts no other basis for not applying the doctrine. Scheffler's suit challenges the final state court decision and does not avoid *Rooker-Feldman*. The district court did not err in applying it to dismiss Scheffler's claims for lack of subject matter jurisdiction.[5]

---

same facts. Because "there was no meaningful argument on this claim in his . . . brief, it is waived." *Liscomb v. Boyce*, 954 F.3d 1151, 1154 (8th Cir. 2020) (internal quotation omitted).

[5]Because we affirm the dismissal on *Rooker-Feldman* grounds, we do not address the parties' arguments regarding other abstention doctrines, res judicata, and the merits of Scheffler's claims. Further, because Scheffler has not argued that the district court erred in dismissing his claims with prejudice, we deny his request to

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

remand to allow him to amend his complaint to add another claim.