# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2118

_____

Brian Hutchcroft-Darling

*Plaintiff - Appellant*

v.

Justin Boecker

*Defendant*

Jerry A. Vander Sanden

*Defendant - Appellee*

City of Cedar Rapids

*Defendant*

Linn County, Iowa

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 13, 2023
Filed: June 26, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Officer Justin Boecker filed a police report alleging that five witnesses had seen Brian Hutchcroft-Darling stealing his tenant's washer and dryer from a building that he rents out. Jerry Vander Sanden, the local prosecutor, filed charges against Hutchcroft-Darling based on the complaint. The charges were later dropped after no witnesses supported Officer Boecker's allegations.

Hutchcroft-Darling then brought suit under § 1983 against four entities, two of which are relevant to this appeal: Vander Sanden, who Hutchcroft-Darling alleges recklessly swore to the complaint, and Linn County, Iowa (collectively, "defendants").[1] The district court[2] granted summary judgment in favor of the defendants, holding that Vander Sanden was protected by absolute prosecutorial immunity and, in the alternative, qualified immunity. It also held that Hutchcroft-Darling's claims against Linn County failed as a matter of law. Hutchcroft-Darling appeals. We affirm.

---

[1]Hutchcroft-Darling settled with Officer Boecker, who he alleged fabricated witness testimony, and does not appeal the grant of summary judgment in favor of the City of Cedar Rapids, Iowa.

[2]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

## I. *Claims Against Vander Sanden*

In his opening brief, Hutchcroft-Darling argues only that Vander Sanden is not entitled to absolute prosecutorial immunity. *See generally* Appellant's Br. (containing zero instances of the word "qualified"). In response, the defendants cite the district court's alternative holding. *See Hutchcroft-Darling v. Boecker*, No. C19-0011-LTS, 2020 WL 2776498, at *6 n.5 (N.D. Iowa May 28, 2020) ("Even if Vander Sanden was not entitled to absolute immunity, I find he would be entitled to qualified immunity for the reasons stated by defendants."). They argue that Hutchcroft-Darling waived his challenge to the court's alternative holding of qualified immunity by failing to challenge it in his opening brief. Appellee's Br. at 8–9 (citing *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 n.12 (8th Cir. 2018)). Hutchcroft-Darling replies that the waiver argument is a "red herring," Appellant's Reply at 5, and that he "directly addresse[d] and dispute[d] the *only* basis for a factual or legal finding of qualified immunity by arguing that Vander Sanden was the complaining witness and that he cannot simply approve police reports in swearing out a complaint," *id.* at 6.

"Absent some reason for failing to raise an argument in an opening brief, this court will not consider an argument first raised in a reply brief." *United States v. Brown*, 108 F.3d 863, 867 (8th Cir. 1997). Hutchcroft-Darling suggests that because the same facts are relevant to both forms of immunity, legal argumentation on one is immaterial, but this is inconsistent with precedent. *See Liscomb v. Boyce*, 954 F.3d 1151, 1154 (8th Cir. 2020) (holding First Amendment retaliation claim forfeited due to lack of argumentation in opening brief despite similar factual basis to separate claim considered by the court); *Rogers v. King*, 885 F.3d 1118, 1122 n.2 (8th Cir. 2018) (holding similarly in an excessive force case where state tort claims of assault and battery were not properly argued).

Indeed, Hutchcroft-Darling's reply brief obscures key distinctions between the two immunity doctrines. *See Greenman v. Jessen*, 787 F.3d 882, 890 (8th Cir. 2015) (denying prosecutorial immunity but granting qualified immunity); *compare Malley*

*v. Briggs*, 475 U.S. 335, 341 (1986) ("[Q]ualified immunity . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law."), *with Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) ("To be sure, [prosecutorial] immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.").

We decline to consider Hutchcroft-Darling's unargued challenge to the district court's finding of qualified immunity. Because we affirm the district court's grant of qualified immunity to Vander Sanden, we need not consider whether he is also entitled to prosecutorial immunity.

## II. *Claims Against Linn County*

Hutchcroft-Darling's claims against Linn County are premised on Vander Sanden's actions as the supervisory law enforcement officer of Linn County. Hutchcroft-Darling argues that Linn County's policy of having the county prosecutor swear to the complaint engenders municipal liability. We agree that the record reflects that this policy is sufficiently established to engender liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978). However, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997); *see also Russell v. Hennepin Cnty.*, 420 F.3d 841, 846 (8th Cir. 2005) ("Before a municipality can be held liable, however, there must be an unconstitutional act by a municipal employee.").

The district court found that

> Darling has presented no evidence from which a reasonable juror could conclude that Vander Sanden should not have believed the information Boecker provided to him or that Vander Sanden had reason to believe Boecker was not providing truthful information in his police reports. Indeed, it is undisputed that the only communication between Boecker and Vander Sanden prior to the charges being filed was the submission of the police reports to the County Attorney's office.

*Hutchcroft-Darling*, 2020 WL 2776498, at \*8; *see also id.* at \*7–8 (thoroughly analyzing the facts). On appeal, Hutchcroft-Darling presents no reason to conclude that the policy rather than the falseness or recklessness of the allegations was the source of his harm. *See* Appellant's Br. at 26–27 (discussing only Linn County's policy requiring Vander Sanden to swear to the complaint and not the district court's factual findings). We affirm the district court's grant of summary judgment in favor of Linn County.

### III. *Conclusion*

We affirm.

_____